IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2009 MAY 21 P 3:08
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

FRANK CHAPMAN, )
)
Plaintiff, )
)
vs. ) NO. 3:09-CV-224
)
) **JURY DEMANDED**
SOUTHERN NATURAL GAS COMPANY, )
) Phillips/Guyton
and )
)
WILCREST FIELD SERVICES, INC., )
)
)
Defendants. )

## COMPLAINT

Comes the plaintiff, Frank Chapman, and sues the defendants, Southern Natural Gas Company and Wilcrest Field Services, Inc., and for cause of action says:

1. The plaintiff is and was at all times mentioned a citizen and resident of the State of Tennessee, and a resident of Tellico, Tennessee.

2. Defendant, Southern Natural Gas Company, was, and is now, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1900 5th Avenue North, Birmingham, Alabama 35203-2610. It is authorized to do business and does business in the State of Tennessee and in the Eastern District of Tennessee. Its agent for service of process is the CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

1

3. The defendant, Wilcrest Field Services, Inc., is a corporation with headquarters at 8535 Jackrabbit Road, Suite B, Houston, Texas 77095. It is incorporated under the laws of the State of Texas and is engaged in business in the State of Tennessee.

4. This action is of a civil nature and the amount in controversy, without interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars. Every issue of law and fact is wholly between citizens of different states. This court has jurisdiction of the case under 28 U.S.C. § 1332. Venue is appropriate under 28 U.S.C. § 1391 (a) and (c).

5. In August 2008, the plaintiff was employed by Summit Industry Services of Athens, Georgia. His work was at the General Chemical Plant in Augusta, Georgia, as Site Safety Manager and Electrical General Foreman. His work was ongoing and but for the actions of the defendants, it would have continued for a substantial period of time.

6. While thus employed, the plaintiff was contacted in August 2008, by telephone by Dale Weaver, an agent of Southern Natural Gas in Birmingham, Alabama. In that conversation, Weaver asked the plaintiff if he would be interested in working for a contractor for Southern Natural Gas, Wilcrest Field Services, Inc. The employment was to be for six months at Moline, Mississippi, and then with employment at another project of one of the defendants in Northern Mississippi. The plaintiff informed Weaver that he was interested. As a result of that conversation, the plaintiff contacted the defendant, Wilcrest Field Services, Inc. The plaintiff was offered employment with a weekly salary of $3,000, plus a per diem of $152.00, seven days a week, plus other expenses, which he accepted. Thereafter, Weaver called the plaintiff and wanted to know if he had made arrangements to leave his employment so as to begin work with the defendant, Wilcrest Field Services, Inc., after Labor Day at Moline. On August 29, Weaver

called the plaintiff again and told him he would receive a call the following week with directions on how to get to the project.

7. In reliance on the foregoing, the plaintiff terminated his employment with Summit Industries Services. He was expecting a call with directions during Labor Day week. When no call came, the plaintiff called Weaver who told him, abruptly and without explanation or comment, that he was going to shut the Moline project down and that there would be no employment. Since then the plaintiff has attempted to reach Weaver and Wilcrest Field Services, Inc., but neither has returned the plaintiff's calls.

8. Both defendants were fully aware that plaintiff was gainfully employed at the time of the inducement on the part of Southern Natural Gas and the offer of employment by Wilcrest Field Services, Inc., and that in reliance on their actions the plaintiff would necessarily terminate that employment.

9. Plaintiff says that the defendant, Southern Natural Gas Company, by its agent, wrongfully and grossly interfered with his employment and by its promises and representations induced him to leave his employment. It then failed to have his employment with the defendant, Wilcrest Field Services, Inc., become active. Plaintiff says it is liable to him under the doctrine of promissory estoppel.

10. Plaintiff says the defendant, Wilcrest Field Services, Inc., breached its contract of employment with the plaintiff and that he is entitled to damages by reason thereof and under the doctrine of promissory estoppel.

11. By reason of the foregoing, the plaintiff has been damaged and is entitled to compensatory damages in that he has lost the wages he would have earned and has been unable

to find other employment. He has also suffered humiliation and emotional distress in that he has been unable to provide for himself and his family. Because of the gross nature of the conduct of the defendants, plaintiff says he is also entitled to punitive damages.

WHEREFORE, the plaintiff sues the defendant for following relief, to-wit:

1. Compensatory damages in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00) Dollars.

2. Punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars from the defendants.

3. Prejudgment interest.

4. The costs of this action; and

5. A jury to try this action.

                                         **Kramer Rayson LLP**

                                         Beecher A. Bartlett, Jr., (BPR #010198)
                                         P. O. Box 629
                                         Knoxville, TN 37901-0629
                                         865-525-5134

                                         E. H. Rayson, (BPR # 001948)
                                         P. O. Box 629
                                         Knoxville, Tennessee 37901-0629
                                         865-525-5134
                                         **Attorneys for Plaintiff**

4

## COST BOND

We, Kramer Rayson LLP, acknowledge ourselves sureties for the cost of the foregoing cause.

This 18th day of May, 2009.

                                      **Kramer Rayson LLP**

                                      _____
                                        Beecher A. Bartlett, Jr.